UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

GLENN KING,

                         **Plaintiff,**

      **v.**

**VERIZON  NEW  JERSEY,  INC.,  et al.,**

                         **Defendants.**

**Civil No. 21-11226 (RMB/MJS)**

## O P I N I O N   A N D   O R D E R

This matter comes before the Court upon letters filed by the parties regarding outstanding discovery disputes.[1] The Court has reviewed the letters from defendant Verizon New Jersey Inc. ("Defendant") [ECF Nos. 50, 52] and pro se plaintiff Glenn King ("Plaintiff") [ECF Nos. 51, 53]. The Court exercises its discretion to decide the issue without oral argument. See Fed. R. Civ. P. 78; L. Civ. R. 78.1.

**Background**

Plaintiff originally filed this case in February 2021 in the Superior Court of New Jersey Law Division, Camden County. Plaintiff alleged that he "was billed for and paid for High Definition

---

[1] On August 10, 2022, after having held an in-person conference on August 9, 2022 [ECF No. 48], the Court ordered the parties to submit letters regarding their positions on a limited set of outstanding discovery issues [ECF No. 49].

1

television service that was not delivered" and "was double billed for the services that were not delivered and paid said bills in full." ECF No. 1-2 ¶ 2. Plaintiff further alleged that "Defendant(s) further aggravated the situation by demanding further funds from the Defendant for allegedly [sic] equipment that Defendant(s) never made arrangements to retrieve." Id. Further, Plaintiff allegedly "later discovered that Defendant(s) reported Plaintiff erroneously as being in default and owing Defendant(s) some $1249.00 and misused the credit reporting system. Plaintiff discovered the abuse of the credit reporting system when he obtained credit for a vehicle purchase that impacted the interest rate charged to the Plaintiff." Id. ¶ 4.

The Court has adjudicated many discovery disputes between the parties thus far. On October 29, 2021, the Court directed Plaintiff to "answer or otherwise respond to outstanding written discovery requests" propounded by Defendant, specifically Defendant's "Requests for Production [("RFP")], Set One, [and] Interrogatories, Set One[.]" ECF Nos. 11-12. In November 2021, counsel for Defendant wrote to the Court that Plaintiff had responded to the Interrogatories, but not the RFP. ECF No. 16. However, Plaintiff did not call into the status conference convened by the Court on November 22, 2021 to address these outstanding discovery issues. ECF Nos. 17-18.

Thereafter, Plaintiff filed a letter with the Court on December 14, 2021 advising that he conferred with counsel for Defendant and "[t]here are some major concerns with discovery, or rather, the lack of same, by what appears to be Rule 33 issues. I am unable to resolve the discovery issues at this juncture with opposing counsel." ECF No. 20. Defendant filed a letter in response on December 15, 2021 "to provide the Court with an update on the current discovery status." ECF No. 21. Defendant advised of many alleged deficiencies with Plaintiff's discovery responses, including Plaintiff's failure to provide any responses to Interrogatories 15, 16, 17, 18, 19, 20, and 21; failure to provide substantive responses to Interrogatories 13 and 23; failure to provide any substantive responses to RFP Nos. 1, 2, 3, and 5; and failure to provide sufficient responses to RFP Nos. 4, 7, 8, 10, and 11 (relating to Plaintiff's claims for damages). Id.

The Court convened another conference on December 16, 2021 [ECF No. 22] and thereafter ordered Plaintiff, by January 6, 2022, to (1) provide responses to Interrogatories 15, 16, 17, 18, 19, 20 and 21; (2) supplement/amend his responses to Interrogatories 13 and 23; (3) provide responses to RFP Nos. 1, 2, 3, and 5 "or otherwise clarify why the responses that the Defendant claims are not substantive are in fact sufficient"; (4) supplement/amend his responses to RFP Nos. 4, 7, 8, 10, and 11; and (5) "specifically respond to any objection raised by Defendant in Defendant's

responses to Plaintiff's propounded written discovery . . . in writing . . ." ECF No. 24 ¶ 1. The Court also extended the deadline for factual discovery to May 16, 2022. Id. ¶ 2.

On January 19, 2022, Plaintiff filed a letter with the Court advising of issues with Defendant's responses to his propounded discovery requests. ECF No. 25. In light of the February 2, 2022 conference, Defendant filed a letter advising that Plaintiff still had not provided substantive responses to Interrogatories 13, 16, 19, 23 and RFP Nos. 1, 2, 3, 5 and that Plaintiff's responses to Interrogatories Nos. 15, 16, 17, 18 and RFP Nos. 4, 7, 8, 10, 11 were deficient. ECF No. 29.

The Court convened a status conference with the parties on February 2, 2022 [ECF No. 30] to discuss the letters. On April 14, 2022, the Court ordered the parties to further meet and confer on the outstanding discovery issues and to "report back by April 29, 2022 regarding what issues, if any, remain from the parties' previous discovery dispute." ECF No. 31.

On April 29, 2022, Defendant filed a letter with the Court advising that Plaintiff's responses to Interrogatories 13, 16, 19, and 23 have not been supplemented or amended, and only refer Defendant to other discovery responses. ECF No. 32. Further, Defendant advised that Plaintiff's responses to Interrogatories 15, 16, 17, 18 and RFP Nos. 4, 7, 8, 10, 11 "are substantively deficient." ECF No. 32.

4

Defendant also summarized Plaintiff's issues with Defendant's discovery responses to Plaintiff's requests. Id. Specifically, Defendant explained that "Mr. King seeks discovery regarding the relationship between Verizon New Jersey, Inc. and other 'Verizon' entities[,]" referring to Interrogatories 1-3, 16, 17, 19, and 21, but Defendant objects to this discovery because "Verizon New Jersey, Inc. is the appropriate party to be named in this suit" and so "discovery relating to uninvolved or other Verizon entities is outside the bounds of discoverable information[.]" Id. at 2. Plaintiff also sought "information related to policies or procedures in place regarding billing, debt collection, and credit reporting policies," to which Defendant initially objected to providing, but advised that it would review these requests again. Id. Regarding Plaintiff's request for "the timing of notice received by Verizon of Plaintiff's specific complaints, grievances, or other concerns which are now subject of this action," Defendant asserted that it "has appropriately responded to discovery on these items." Id.

On April 29, 2022, Plaintiff filed, without leave of Court, a motion to compel discovery and impose sanctions on Defendant, advising that "[a]ll discovery issues remain unaddressed and unresolved." ECF No. 33. Plaintiff filed a letter in support of his motion on May 2, 2022. ECF No. 34.

The Court convened a conference with the parties on May 5, 2022 [ECF No. 35] and thereafter issued an order denying Plaintiff's motion to compel and requiring Plaintiff to respond to the alleged deficiencies in his discovery responses as raised in Defendant's April 29, 2022 letter by May 19, 2022. ECF No. 36. The Court also permitted Plaintiff to "re-frame and re-serve certain discovery requests," discussed at the conference, by May 19, 2022. Id. Further, the Court ordered counsel for Defendant to file a letter with the Court confirming the directives in the Order had been followed. Id.

On May 26, 2022, counsel for Defendant filed a letter with the Court advising that, "Mr. King served supplemental responses, as well as re-phrased interrogatories, on May 19, 2022. The interrogatories have been supplied to my client but not yet answered as of this date. I have taken issue with certain of the supplemental responses . . ." ECF No. 37 at 1. Specifically, Defendant alleged that Plaintiff's responses to Interrogatories 15, 18, 23 and RFP 4, 8, 10 remained deficient. Id. at 5-6.

Defendant provided supplemental and/or clarified responses to each of Plaintiff's re-phrased interrogatories, except for Interrogatories 11 through 15, to which Defendant continued to object. Id. at 4-5.

On July 14, 2022, Plaintiff filed a letter seeking leave to file a "Rule 37 application for sanctions . . . as a result of the

6

failure of defendant to comply with the case management order."
ECF No. 42. Plaintiff filed another letter on July 18, 2022,
advising in part that "a primary concern is the failure to
authenticate the discovery properly by signature of the defendant
to the discovery. No such signature is provided, only that of
counsel." ECF No. 44. Plaintiff did not provide specific objections
to any of Defendant's discovery responses.

On July 19, 2022, counsel for Defendant filed a letter with
the Court stating, "Mr. King has asserted damages claims in his
complaint, and offered no information regarding those claims,
voluntarily asserted. Mr. King has asserted objections such as
"intrusiveness" to fairly straightforward and basic
Interrogatories asking Plaintiff to document and itemize his
damages claims. This is fundamentally Verizon's entitlement as a
Defendant to inquire into. If Plaintiff cannot produce this
information, there is no basis for Plaintiff's claims of damages."
ECF No. 45 at 1. Further, Defendant maintained that Plaintiff's
responses to Interrogatories 15, 18, 23 and RFP 4, 8, 10 remain
deficient. Id. at 4-6.

Plaintiff filed a letter in response on August 3, 2022, but
again failed to assert any specific objections to Defendant's
responses. ECF No. 46.

The Court convened a conference with the parties on August 9,
2022 [ECF No. 48] but was unable to address any of Defendant's

objections to Plaintiff's reframed interrogatories because neither party provided the Court with a copy of these reframed interrogatories and Defendant's responses. The Court did rule on the sufficiency of Plaintiff's damages discovery and ordered Plaintiff to "provide more fulsome responses to Verizon's Interrogatories 15, 18, and 23 and Requests for Production 4, 8, and 10[.]" ECF No. 49 at 1. The Court also granted (1) Defendant leave to submit a letter to the Court if Plaintiff's supplemental responses to the damages discovery requests were still deficient that explained why such responses were deficient, (2) Plaintiff leave to file a letter in response, (3) Plaintiff leave to submit a letter to the Court addressing any alleged deficiencies in Defendant's responses to Plaintiff's amended Interrogatories 7, 8, 9, 10, 17, 21, and 22, as well as "any alleged issue with the verification" of Defendant's responses, and (4) Defendant leave to file a letter in response Id. at 2.

Discovery Standard

Under Federal Rule of Civil Procedure 26,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely

> benefit. Information within this scope of
> discovery need not be admissible in evidence
> to be discoverable.

Fed. R. Civ. P. 26(b)(1).

"Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed." Bayer AG v. Betachem, Inc., 173 F.3d 188, 191 (3d Cir. 1999). Rule 26 further advises:

> [T]he court must limit the frequency or extent
> of discovery otherwise allowed by these rules
> or by local rule if it determines that:
> (i) the discovery sought is unreasonably
> cumulative or duplicative, or can be obtained
> from some other source that is more
> convenient, less burdensome, or less
> expensive;
> (ii) the party seeking discovery has had
> ample opportunity to obtain the information by
> discovery in the action; or
> (iii) the proposed discovery is outside
> the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26 (b)(2)(C).

Federal courts employ a burden shifting analysis to resolve discovery disputes. A party seeking to compel discovery bears the initial "burden of showing that the information sought is relevant to the subject matter of the action[.]"[2] Caver v. City of Trenton,

---

[2] Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. District courts must remain mindful that relevance is a broader inquiry at the discovery stage than at the trial stage. See, e.g., Nestle Foods Corp. v. Aetna Cas. & Sur. Co., 135 F.R.D. 101, 104 (D.N.J. 1990).

192 F.R.D. 154, 159 (D.N.J. 2000). "The party seeking the order to compel must demonstrate the relevance of the information sought. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper." Cost Containment Express, LLC v. Horizon Healthcare Servs., Inc., Civ. No. 15-8958, 2017 WL 5951619, at *2 (D.N.J. Nov. 30, 2017) (quoting Option One Mortg. Corp. v. Fitzgerald, Civ. No. 07-1877, 2009 WL 648986, at *2 (M.D. Pa. Mar. 11, 2009); see also Deibler v. SanMedica Int'l, LLC, Civ. No. 19-20155, 2021 WL 6198062, at *4-5 (D.N.J. Dec. 30, 2021). If a party has received evasive or incomplete discovery responses, Federal Rule of Civil Procedure 37 allows a party to seek a court order compelling additional disclosure or discovery. See Fed. R. Civ. P. 37.

**Defendant's   Letter   Alleging   Deficiencies   in   Plaintiff's Supplemental Responses**

The Court ordered Plaintiff to provide more specific responses to Defendant's Interrogatories 15, 18, and 23, and Requests for Production 4, 8, and 10, after ruling on the record that these requests were relevant, proportional, and therefore discoverable. ECF No. 49. Defendant argues that Plaintiff's updated responses to these discovery requests are still deficient. ECF No. 50.

Interrogatory 15

10

Interrogatory No. 15: "IDENTIFY '[a]ll losses and expenses incurred' by YOU, as alleged in the COMPLAINT." ECF No. 50 at 21.

Plaintiff's Objection:

> This is objected to as unduly burdensome as it would require Plaintiff to review his activities for a number of years to include work not able to be done in a timely fashion due to Plaintiff's mental and emotional health, unnecessary expenses for travel and supplies as well as attempts to remedy the situation by Plaintiff including over the counter remedies as well as lost days. Plaintiff estimates this impacted him in the many thousands of dollars in lost time and expenses.
>
> Plaintiff is able to compute the stress, anxiety, harassment and related elements to lost production time estimated at an average of 2.5-3 hours a week during the time span from when Plaintiff became aware of the circumstances that created the situation until the activities ceased, a time frame of some 4 years. Calculating billable hours through this period, 2.75 hours @ 90.00/hr over 143 weeks = $35,392.50 reduced by 20% overhead costs or 7,078.50 = $28,314.00.
>
> As the Defendant's negative actions have resumed, the above calculation is subject to revision.

ECF No. 50 at 7-8.

Interrogatory 18

Interrogatory No. 18: "Describe in factual detail, all facts in support of YOUR claims for damages of any kind as a result of VERIZON's conduct, as alleged in the COMPLAINT." ECF No. 50 at 21.

Plaintiff's Objection:

> The question is objected to as overly burdensome and already answered in previous answers. Without waiving any objection, Plaintiff's work as an independent contractor

suffered as did his emotional and mental health in addition to his credit impairment. These damages as to Plaintiff's losses in his business due to repeated contact by telephone by multiple collection agencies and Meryl Friedman all repeatedly seeking the same information as to the issues causing the Plaintiff to loose [sic] work time and as an after effect, distracting him during work time. Plaintiff's mental and emotional health, unnecessary expenses for travel and supplies as well as attempts to remedy the situation by Plaintiff including over the counter remedies as well as lost days. Plaintiff estimates this impacted him in the many thousands of dollars in lost time and expenses.

The issues related to credit damage are more fully illustrated in the losses suffered by Plaintiff in his auto financing. While these are explained by the difference between the recent financing obtained by Plaintiff and the financing obtained by plaintiff previously while the Defendant's negative credit reporting was continuing unabated, the plaintiff is having this calculated by outside sources for a more detailed response which will be supplied when available.

The issue as to overcharging have been set forth previously and are calculated by the defendant using the information in his possession as to the actual monthly charge for HD services charged which were never supplied over the life of this account with Plaintiff. The totality of these charges are being reviewed by an outside source, the results of same to be supplied after receipt by Plaintiff.

ECF No. 50 at 8.

Interrogatory 23

Interrogatory 23: "Describe in factual detail, exactly what 'extreme issues' VERIZON has created for YOU, as alleged in Paragraph 27 of the COMPLAINT." ECF No. 50 at 23.

Plaintiff's Objection:

12

> The question is objected to as overly
> burdensome and already answered in previous
> answers. Without waiving any objection,
> Plaintiff's work as an independent contractor
> suffered as did his emotional and mental health in
> addition to his credit impairment as well as his
> actually being overcharged for the life of the
> time these services were to be supplied and were
> not. These damages are set forth in more detail in
> responses set forth above in no 15 and 18.
>
> The totality of all combined damage claims
> will be further responded to after receipt of
> calculations by outside sources.

ECF No. 50 at 9.

   <u>RFP No. 4</u>

   RFP No. 4: "ALL DOCUMENTS in support of YOUR claims for

damages of any kind by way of YOUR COMPLAINT against VERIZON." ECF

No. 50 at 28.

   Plaintiff's Objection:

> See attached notes previously supplied.
> Further production would be intrusive and
> require Plaintiff to reproduce voluminous material
> relating to his business as a contractor.
> Plaintiff objects to each Request for
> Documents to the extant [sic] it requires
> Plaintiff to produce voluminous quantities of
> documents, rendering the Request for Documents
> unduly burdensome, harassing and expensive.
> Plaintiff's documentation as to credit
> damages relating to automobile purchases to be
> supplied upon review of utilization by outside
> source.
> Plaintiff's documentation as to the
> overcharging are in Defendant's possession to
> their entirety.
> Plaintiff's documentation as to claims under
> Fair Credit Reporting Act and Fair Collection
> Practices Act are previously supplied to both
> Defendant and Defendant's agents acting to collect

an alleged and disputed debt and are readily
available to Defendant.

ECF No. 50 at 12.

RFP No. 8

RFP No. 8: "ALL DOCUMENTS in support of YOUR allegation that

due to VERIZON's actions, YOU have suffered 'emotional distress

and unnecessary aggravation of daily activities and interfering

with Plaintiff's ability to conduct his daily business,' as alleged

in Paragraph 5 of the COMPLAINT." ECF No. 50 at 29.

Plaintiff's Objection:

> Plaintiff would have to produce voluminous
> documents as to a number of contracts/jobs
> performed as a contractor/sub-contractor.
> Plaintiff objects to this Request for
> Documents to the extant [sic] it requires
> Plaintiff to produce voluminous quantities of
> documents, rendering the Request for Documents
> unduly burdensome, harassing and expensive.
> No specific documents, other than as
> referenced, are available to be produced in
> response to this request.

ECF No. 50 at 12.

RFP No. 10

RFP No. 10: "ALL DOCUMENTS RELATING TO YOUR 'losses and

expenses incurred' by YOU, as alleged in the COMPLAINT." ECF No.

50 at 29.

Plaintiff's Objection:

> Plaintiff would have to produce voluminous
> documents as to a number of contracts/jobs
> performed as a contractor/sub-contractor.

> Plaintiff objects to this Request for Documents as to the extant [sic] it requires Plaintiff to produce voluminous quantities of documents, rendering the Request for Documents unduly burdensome, harassing and expensive.
> Plaintiff's losses as to credit damage are set forth in the loan differential being paid by him and the loan being paid without the negative credit references. Documents utilized to compute said differential to be supplied upon completion of review by outside source.
> The documents as to the claims for violation of federal acts have been previously supplied to both Defendant and Defendant's agents and are readily available to Defendant.
> Documents as to Plaintiff's claims as to overcharging are all in Defendant's possession and are reflected in the billing for HD services that were never supplied during the time of Plaintiff's utilization of Defendant's services.

ECF No. 50 at 12-13.

Discussion

Each of the above discovery requests propounded by Defendant, to which Defendant alleges Plaintiff has insufficiently responded, have to do with Plaintiff's computation of damages and production of (or lack thereof) supporting documentation. The Court already ordered Plaintiff to produce this information at its May 5, 2022 conference. ECF Nos. 35-36. The Court finds that Plaintiff's subsequent "supplemental" production fails to comply with this Court's Order.

It is axiomatic that Plaintiff must provide proof that he suffered damages as a result of Defendant's alleged conduct. In fact, as this Court has already noted, Fed. R. Civ. P.

15

26(a)(1)(A)(iii) states that as part of the exchange of initial disclosures:

> [A] party must, without awaiting a discovery request, provide to the other parties:
> (iii) a computation of each category of damages claimed by the disclosing party—who must <u>also make available for inspection and copying as under Rule 34 the documents or other evidentiary material</u>, unless privileged or protected from disclosure, <u>on which each computation is based, including materials bearing on the nature and extent of injuries suffered</u>[.]
>
>      . . .

Fed. R. Civ. P. 26(a)(1)(A)(iii) (emphasis added). Not only is this information so foundational that the Federal Rules of Civil Procedure require this information to be exchanged in Initial Disclosures, but Rule 16 also provides that supporting documentation regarding damages must be provided under Rule 34, which permits parties to exchange requests for documents and other relevant evidence in "the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1).

Defendant's outstanding discovery requests, reproduced above, all fit within the confines of Federal Rule of Civil Procedure 26(a)(1)(A)(iii) and are not overbroad or overly burdensome for Plaintiff to respond to. However, Plaintiff's responses are deficient in many ways. For example, Plaintiff's responses to the interrogatories are imprecise and do not specify the time frame during which he allegedly incurred damages. <u>See</u> ECF No. 50 at 7-8

("[A] a time frame of some 4 years[.]"). Additionally, Plaintiff does not explain the formulas he uses to compute his damages. In his objection to Interrogatory No. 15, which asked him to identify "'all losses and expenses incurred' by [him], as alleged in the [complaint][,]" ECF No. 50 at 21, Plaintiff responded: "Plaintiff is able to compute the stress, anxiety, harassment and related elements to lost production time estimated at an average of 2.5-3 hours a week during the time span from when Plaintiff became aware of the circumstances that created the situation until the activities ceased, a time frame of some 4 years. Calculating billable hours through this period, 2.75 hours @ 90.00/hour over 143 weeks = $35,392.50 reduced by 20% overhead costs or 7,078.50 = $28,314.00." ECF No. 50 at 7-8. Plaintiff does not explain how he computed the rate of $90.00/hour, how he arrived at an estimate of "an average of 2.5-3 hours a week" and why he reduced that number by "20% overhead costs," let alone explain what "overhead costs" are.

Additionally, to the Court's knowledge, Plaintiff has not produced any documents that support any of these numbers, and so his responses are insufficient. See, e.g., Coulter v. Paul Laurence Dunbar Cmty. Ctr., Civ. No. 16-0125, 2019 WL 13198304 (W.D. Pa. July 31, 2019) (granting defendant's motion to compel plaintiff to produce, "as to each category of damages sought, all of her damages to date, how she calculated her damages, and 'evidentiary material

17

upon which the category of damages is based' unless the material is 'privileged or protected from disclosure.'"); North American Comms., Inc. v. Sessa, Civ. No. 14-0227, 2015 WL 5714514, at *12 (W.D. Pa. Sept. 29, 2015) ("Here, Plaintiff has failed to provide a dollar figure or any analysis regarding its computation of damages. Additionally, Plaintiff has not disclosed any evidentiary material upon which the computation of damages is based. Rather, Plaintiff only provided categories of damages, such as direct, consequential, compensatory, incidental, and punitive damages, in its initial disclosures . . . . [T]here is no proffered reason why Plaintiff cannot provide Defendant with the computation of its damages.").

Similarly, in response to Interrogatory No. 18, which requested Plaintiff "[d]escribe in factual detail, all facts in support of YOUR claims for damages of any kind as a result of [Defendant's] conduct, as alleged in the [complaint][,]" ECF No. 50 at 21, Plaintiff wrote first that "Plaintiff's mental and emotional health, unnecessary expenses for travel and supplies as well as attempts to remedy the situation by Plaintiff including over the counter remedies as well as lost days. Plaintiff estimates this impacted him in the many thousands of dollars in lost time and expenses[,]" ECF No. 50 at 8, yet does not provide any support for these assertions, such as receipts or medical records from seeing a mental health specialist. Second, Plaintiff asserts that,

18

"The issues related to credit damage are more fully illustrated in the losses suffered by Plaintiff in his auto financing." <u>Id.</u> This is further explained in his objection to Interrogatory 23, as contained in his September 6, 2022 letter:

> In January 2020, with the FED Prime Rate @ 4.75% a 60 month loan with a good credit score would have been issued at 4.25% according to numerous authorities. Plaintiff financed $50,500.00 over 60 months at 6.91%, the only negative item appearing on any kind of regular reporting basis being Defendant's negative credit reporting. At this juncture, Plaintiff indicates that defendant's consistent and claimed wrongful negative credit reporting could well have lowered Plaintiff's score that would have affected his loan even further. Plaintiff maintained this loan for two years until his recent purchase of a replacement vehicle. This provides one basis for a calculation of damages as to this purchase alone. With the FED Prime Rate @ 3.5%, Plaintiff financed approximately $50,500.00 for a period of 60 months with GM Financial at 3.1% with Plaintiff's credit being approximately what it was when the loan in 2020 was obtained. Additionally, in preparation for the purchase, Plaintiff obtained a loan guarantee of 3.09% over 60 months with the FED Prime Rate @ 3.25% FROM THE SAME LENDER AS THE 2020 loan.

ECF No. 53 at 2-3. Plaintiff again does not explain where these numbers came from. Plaintiff must supply Defendant with documents to support these computations, such as records from the entity from which he received auto financing, as well as copies of his car payments.

Additionally, Defendant is entitled to this information now, and so it is inapposite that Plaintiff is having his damages

calculated by an outside source. See ECF No. 50 at 8 ("While these [damages related to auto financing] are explained by the difference between the recent financing obtained by Plaintiff and the financing obtained by plaintiff previously while the Defendant's negative credit reporting was continuing unabated, <u>the plaintiff is having this calculated by outside sources for a more detailed response which will be supplied when available</u>.") (emphasis added). It is Plaintiff's obligation under the Rules to provide a computation of damages during the exchange of initial disclosures and if he chooses, a computation of damages prepared by an expert at a later time. See Stemrich v. Zabiyaka, Civ. No. 12–1409, 2013 WL 4080310, at *3 (M.D. Pa. Aug. 13, 2013) (finding that even though the plaintiff's expert would provide "a more specific disclosure" later in the case, "the Rule explicitly contemplates such a procedure by placing an affirmative obligation for a party to initially disclose information available to him and subsequently update the information as it becomes available."). Lastly, by example, if Plaintiff is going to assert that he has suffered "unnecessary aggravation of daily activities and interfering with Plaintiff's ability to conduct his daily business[,]" ECF No. 1-2 ¶ 5, then he must provide a computation of these damages and supporting documentation. Plaintiff objects to having to do so because he "would have to produce voluminous documents as to a number of contracts/jobs performed as a

20

contractor/sub-contractor," ECF No. 50 at 12, but the Court does not find this to be overly burdensome and notes that Plaintiff has not suggested a less burdensome way of demonstrating these damages to comply with Federal Rule of Civil Procedure 26(a)(1)(A)(iii).

For these reasons, Defendant's request to compel Plaintiff's responses to Interrogatory Nos. 15, 18, and 23, and Requests for Production 4, 8, and 10 is granted.

<u>Sanctions</u>

Defendant also "respectfully submit[s] that this Court should enter sanctions as to Mr. King. This Court has already ordered more specific discovery provided by Mr. King, which has been met with intransigence . . . . Respectfully, Verizon submits that Plaintiff's continuing failure to respond to discovery is contumacious of this Court's Order entered on August 10, 2022, and that Plaintiff should be subjected to sanctions pursuant to Rule 37, including dismissal of the action." ECF No. 50 at 4-5.

The Court has authority under Federal Rule of Civil Procedure 37(b) and 37(c) to sanction Plaintiff for his failure to sufficiently provide responses to these discovery requests.

Federal Rule of Civil Procedure 37(b) permits the court to issue sanctions or "further just orders" when "a party . . . fails to obey an order to provide or permit discovery . . . ." Fed. R. Civ. P. 37(b)(2)(A). These "further just orders" include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Because the Court ordered Plaintiff to provide more fulsome responses to these discovery requests on August 9, 2022, and he has failed to do so, his conduct may be sanctionable under Fed. R. Civ. P. 37(b).

Federal Rule of Civil Procedure 37(c) states that:

22

> <u>If a party fails to provide information</u> or
> identify a witness <u>as required by Rule 26(a)</u> or
> (e), <u>the party is not allowed to use that</u>
> <u>information or witness to supply evidence on a</u>
> <u>motion, at a hearing, or at a trial, unless the</u>
> <u>failure was substantially justified or is</u>
> <u>harmless</u>. <u>In addition to or instead of this</u>
> <u>sanction</u>, the court, on motion and after giving an
> opportunity to be heard:
>
> > (A) <u>may order payment of the reasonable</u>
> > <u>expenses, including attorney's fees</u>, caused by
> > the failure;
> >
> > (B) <u>may inform the jury of the party's failure</u>;
> > and
> >
> > (C) <u>may impose other appropriate sanctions,</u>
> > <u>including any of the orders listed in Rule</u>
> > <u>37(b)(2)(A)(i)—(vi)</u>.

Fed. R. Civ. P. 37(c)(1) (emphasis added). Because "a computation
of each category of damages claimed by the disclosing party—who
must also make available for inspection and copying as under Rule
34 the documents or other evidentiary material, unless privileged
or protected from disclosure, on which each computation is based,
including materials bearing on the nature and extent of injuries
suffered" is required by Federal Rule of Civil Procedure
26(a)(1)(A)(iii), the Court may sanction Plaintiff under Federal
Rule of Civil Procedure 37(c).[3]

---

[3] When looking at whether a failure to disclose under Rule 37(c)(1)
was substantially justified or harmless and determining whether to
exclude evidence from trial, the Third Circuit has set forth four
factors that the court must consider: "(1) the prejudice or
surprise of the party against whom the excluded evidence would
have been admitted; (2) the ability of the party to cure that
prejudice; (3) the extent to which allowing the evidence would

Courts have held that a party's failure to supplement its initial disclosures and responses to interrogatories and requests for production with information supporting its claims for damages results in an "exclusion of evidence and testimony" regarding the purported economic damages at trial.[4] See Sabol v. Allstate Property & Cas. Ins. Co., 309 F.R.D. 282, 287 (M.D. Pa. Sept. 16, 2015). The court in Sabol noted:

> In this case, the plaintiffs' third cause of action seeks damages for the defendant's breach of contract and bad faith that allegedly caused mold and mildew damage to the plaintiffs' new dwelling . . . Pursuant to Rule 26(a), the plaintiffs were required to provide any information that they may use to support the mold/mildew claim as well as the computation of damages for the mold/mildew claim in their Initial Disclosures. As the defendant correctly points out, the plaintiffs filed three separate Initial Disclosure statements relating to the lawsuit, but failed to specify the claim or lawsuit to which the statements relate (e.g., fire and theft claim, well vandalism claim, or mold/mildew claim). (Doc. 90, p. 4). Regardless of which lawsuit the statements pertain to, the

---

disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation." Nicholas v. Penn. State Univ., 227 F.3d 133, 148 (3d Cir. 2000).

[4] Each party has an affirmative duty to supplement its responses to discovery requests throughout the course of the lawsuit. See Fed. R. Civ. P. 26(e) ("A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or (B) as ordered by the court.").

> information provided does not support causation or
> damages for the mold/mildew claims. (Docs. 7, 9,
> 17). In addition, none of the Initial Disclosure
> statements include a computation of damages or
> indicate an expert or witness who may testify
> about the mold/mildew claims.
>
> . . .
>
> Ultimately, this court finds that the plaintiffs
> failed to satisfy their obligations under Federal
> Rule of Civil Procedure 26, by not providing
> computation of mold/mildew damages and by failing
> to provide the defendant with any evidence or
> testimony to support its mold/mildew claim during
> discovery.

Id. at 286-87. The court in Sabol ultimately "preclude[d] the
plaintiffs from offering evidence or testimony relative to the
mold and mildew claims" due to their Rule 26 violations. Id.; see
also Mercedes Benz USA LLC v. Coast Auto. Grp. Ltd., Civ. No. 99-
3121, 2008 WL 4378294, at *3-5 (D.N.J. Sept. 23, 2008) (granting
plaintiff's motion to exclude evidence of damages for defendant's
counterclaim "[b]ecause Defendant did not disclose any calculation
of damages other than to state that such calculation would be
provided by expert reports" and such failure was not "substantially
justified or harmless"); Koninklijke Philips Electronics N.V. v.
ZOLL LifeCor Corp., Civ. No. 12-1369, 2017 WL 4764670, at *3-8
(W.D. Pa. Oct. 20, 2017) (finding plaintiff's computation of
damages inadequate).

"'The choice of an appropriate sanction generally is
committed to the sound discretion of the district court.'" Miller

v. Thompson-Walk, Civ. No. 15-1605, 2019 WL 2150660, at *9 (W.D. Pa. May 17, 2019) (quoting Deitrick v. Costa, Civ. No. 06-1556, 2019 WL 450216, at *5 (M.D. Pa. 2019)).

The Court will give Plaintiff one more opportunity to supplement his damages computation and documentation as ordered herein. However, in consideration of Plaintiff's failure to comply with the Court's previous May 12, 2022 order to respond to these same discovery requests [ECF No. 36], Plaintiff will be limited to the information he produces regarding damages after this final opportunity. Plaintiff will not be able to introduce any additional evidence other than what he produced to date and in response to this Order, absent some true showing of good cause. This will allow Plaintiff one final opportunity to cure the discovery deficiencies that have plagued this case but will provide finality and an appropriate sanction, in the event that Plaintiff remains unable or unwilling to supplement his responses as ordered. In addition to this sanction, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). Although the Court does not find that this failure was substantially justified, the Court finds in this case

that Plaintiff's <u>pro</u> <u>se</u> status[5] and the protracted nature of discovery, contributed to by both parties, would make an award of attorneys' fees unjust at this time. However, the Court reserves the right to reconsider this conclusion at a later date.

**<u>Plaintiff's Letter Alleging Deficiencies in Defendant's Responses to the Amended Interrogatories</u>**

Plaintiff filed a letter with the Court on August 26, 2022 addressing (1) alleged deficiencies in Defendant's answers to Plaintiff's Amended Interrogatories 7, 8, 9, 10, 17, 21, and 22; and (2) alleged issues with Defendant's verification of the answers to the interrogatories. ECF No. 51. Defendant responded to this letter on September 2, 2022. ECF No. 52.

For each of Defendant's responses, Plaintiff argues Defendant's objection to the subject interrogatory was "non-specific, generic and essentially boilerplate reproduction language from Rule 26." ECF No. 51 at 1.

<u>Amended Interrogatory No. 7</u>

Amended Interrogatory No. 7 requested Defendant to:

> State the name and address of any person who has made a written or oral statement or statements regarding the issues of this lawsuit that appears in the records of the Defendant. Provide:
>
> A) whether the statement(s) was/were oral or in writing;

---

[5] A party's ability to pay is an equitable consideration in fee shifting as a sanction. <u>See</u> <u>LightStyles, Ltd. Ex rel. Haller v. Marvin Lumber & Cedar Co.</u>, Civ. No. 13–1510, 2015 WL 4078826, at *5 (M.D. Pa. July 6, 2015).

B) the date each statement was made
C) the name and address of the person to whom the statement(s) were/was made;
D) if the statement is in writing, attach a copy of the same;
E) if the statement was oral, if a recording was made, the location of the recording, who has possession of same and the nature and circumstances of the recording
F) if the statement is oral and no recording is known or is available, provide a detailed summary of the statement.

ECF No. 51 at 9-10. Defendant's response was:

Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, and unintelligible. Defendant also objects to this Interrogatory because it improperly contains subparts. Defendant further objects to this Interrogatory as overbroad and unduly burdensome. Defendant also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected by attorney-client privilege, the attorney work product doctrine, or any other appliable privileges or protections afforded by law. Defendant further objects to the Interrogatory to the extent it requires Defendant to disclose information that is confidential or a violation of an individual's right of privacy. Defendant also objects to this Interrogatory on the ground that it seeks information neither relevant to any party's claims or defenses in the pending action, nor proportional to the needs of the case considering all the factors that bear on proportionality set forth in Fed. R. Civ. P. Rule 26(b)(1). Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: Other than the account notes which have already been produced (see Verizon 000066 through 000074), Defendant is not aware of any non-privileged statements responsive to this Interrogatory. Defendant's investigation is ongoing, and therefore, Defendant expressly reserves its right to amend, alter, or otherwise modify or supplement this Response in the future.

28

ECF No. 51 at 10 (emphasis added).

Plaintiff argued that Defendant's answer is deficient [ECF No. 51 at 1], while Defendant responded that, "It is unclear what more [Plaintiff] wants, or what relief this Court would order, that would alter what has been produced in response to the discovery demand." ECF No. 52 at 2.

The Court noted at the May 5, 2022 conference that Plaintiff's original Interrogatory No. 7 was overbroad and vague, and gave Plaintiff leave to file a reframed interrogatory in its place. ECF Nos. 35-36. Plaintiff has not followed the Court's directive to narrow the scope of this interrogatory. For example, Interrogatory No. 7 originally read:

> State a) the name and address of any person who has made a statement or statements regarding this lawsuit b) whether the statement(s) was/were oral or in writing; c) the date each statement was made; d) the name and address of the person to who the statement(s) were/was made; e) the name and address of each person present when the statement(s) were/was made; and f) the name and address of each person who had knowledge of each statement[;] g) if the statement is in writing, attach a copy of same; h) if the statement was oral, if a recording was made, the location of the recording, who has possession of same and the nature and circumstances of the recording[;] i) if the statement is oral and no recording is known or is available, provide a detailed summary of the statement.

ECF No. 25 at 20-21.

After comparing the text of the original and the amended interrogatory, the Court notes that they are largely identical. On its face, Amended Interrogatory No. 7 is too vague and broad. It is not clear what the terms "statement" and "regarding this lawsuit" mean. Plaintiff has not provided any limitation of this request, such as a specific person or entity who made the statement, to whom the statement was made, when the statement was made, or what specific aspect of this lawsuit the statement was about. The way Plaintiff defines the lawsuit is different from the way that Defendant defines the lawsuit, and so more specificity is required. Accordingly, the Court will deny Plaintiff's request to compel further response to this interrogatory.

<u>Amended Interrogatory No. 8</u>

Amended Interrogatory No. 8 requested: "If you claim the Plaintiff made any statements or admissions as to the subject matter of this lawsuit, state when same was made and to whom and the contents of the admission, and if in writing, attach a copy." ECF No. 51 at 10. Defendant responded:

> Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous. Defendant also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected by attorney-client privilege, the attorney work product doctrine, or any other applicable privileges or protections afforded by law. Subject to and without waiving the foregoing general and specific objections, <u>Defendant responds as follows: Defendant refers to Plaintiff's pleading and discovery responses, any</u>

30

<u>correspondence between Plaintiff and Defendant, and any correspondence between Plaintiff and any independent third party collection agency the account at issue was placed with.</u> Defendant's investigation is ongoing, and therefore, Defendant expressly reserves its right to amend, alter, or otherwise modify or supplement this Response in the future.

ECF No. 51 at 11 (emphasis added).

Defendant further argued in its response to Plaintiff's letter to the Court that it "*actually responded* to the Interrogatory and identified the sources it would rely upon for statements or admissions of the Plaintiff. Verizon also identified records in the possession of a third party – identified as the 'independent third party collection agency the account at issue was placed with' – as to the source or potential source of these statements or admissions.'" ECF No. 52 at 4 (emphasis in original).

Again, Plaintiff had an opportunity to amend this interrogatory and make it narrower in scope, but he chose not to. Interrogatory No. 8 originally read, "If you claim the Plaintiff made any statements or admissions as to the subject matter of this lawsuit, state a) the date made; b) the name of the person by whom made[;] c) the  name and address of the person to whom made; d) where made; e) the name and address of each person present at the time the admission was made; f) the contents of the admission; and g) if in writing, attach a copy." ECF No. 25 at 10. Although

Plaintiff eliminated the subparts, he did not specify a "subject matter," or any other detail to limit the scope of the request.

However, at the May 5, 2022 conference, Plaintiff did note that he was specifically interested in the entities that Defendant worked with that handled credit reporting and collections. ECF No. 35. It appears from Defendant's response to this interrogatory that it has provided Plaintiff with this information. See ECF No. 51 at 11 ("Defendant refers to . . . any correspondence between Plaintiff and any independent third party collection agency the account at issue was placed with."). Accordingly, the Court finds that Defendant's response to this interrogatory is sufficient and Plaintiff's request for the Court to compel further response to this interrogatory is denied. However, if Defendant has any supplemental information, it should provide it now.

Amended Interrogatory No. 9

Amended Interrogatory No. 9 stated, "If you intend to rely upon any written statute, rule, regulation, administrative ruling or guideline or ordinance in presenting your defense, please state same and its application to the subject matter of this litigation." ECF No. 51 at 11. Defendant responded:

> Defendant objects to this Interrogatory to the extent it calls for the disclosure of information that is protected by attorney-client privilege, the attorney work product doctrine, or any other applicable privileges or protections afforded by law. Subject to and without waiving the foregoing general and specific objections,

> Defendant responds as follows: <u>Defendant intends
> to rely on the Fair Credit Reporting Act ("FCRA"),
> and to the extent Plaintiff is attempting to
> assert a claim under the Fair Debt Collection
> Practices Act ("FDCPA"), the FDCPA and applicable
> interpretations of the FCRA and FDCPA.</u>

ECF No. 51 at 11 (emphasis added).

Plaintiff argues that Defendant's response "is non-specific as to the section of act and/or does not cite the application to the subject matter as the question specifies, therefore being non-responsive" and that "[t]his information is highly pertinent to any legal defense which defendant intends to assert." ECF No. 51 at 1. Defendant further argued that this interrogatory amounts to "[Plaintiff] ask[ing] for legal advice from Verizon's counsel." ECF No. 52 at 4. Additionally, "[Defendant] cannot be expected to be more precise than it has been at this stage of discovery" because fact discovery has not been completed and [Plaintiff] has not been deposed yet. <u>Id.</u>

At the May 5, 2022 conference, Plaintiff said that he would reframe or withdraw this interrogatory. ECF No. 35. Instead, Plaintiff did neither and sent the same interrogatory to Defendant as he originally sent.[6] Thus, the Court finds that Defendant has sufficiently responded to this interrogatory. Defendant has

---

[6] Interrogatory No. 9 originally read, "If you intend to rely upon any statute, rule, regulation, administrative ruling or guideline or ordinance, state the exact title and section and its application to the subject matter of this litigation." ECF No. 25 at 10.

provided the two statutes on which it will rely in crafting its defense (and under which Plaintiff brought claims). Defendant is not obligated to explain "the application [of the statutes] to the subject matter of this litigation" at this time. Plaintiff will be able to see exactly that in any dispositive motion filed by Defendant.

Amended Interrogatory No. 10

Amended Interrogatory No. 10 requested Defendant to, "Identify all documents that have any relation to this action and upon which you intend to rely in presenting your defense." ECF No. 51 at 11. Defendant's response was:

> Defendant objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome. Defendant also objects to this Interrogatory to the extent it calls for the disclosure of information that is protected by attorney-client privilege, the attorney work product doctrine, or any other appliable privileges or protections afforded by law. Defendant further objects to this Interrogatory on the ground that it seeks information neither relevant to any party's claims or defenses in the pending action, nor proportional to the needs of the case considering all the factors that bear on proportionality set forth in Fed. R. Civ. P. Rule 26(b)(1). Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: <u>See Defendant's document production, Verizon 000001 through 000074.</u>

ECF No. 51 at 12 (emphasis added).

Plaintiff argues in its letter to the Court that "[t]he documents produced are not identified and the answer is non-

34

responsive" and "this is highly pertinent to any claim/defense to be asserted by defendants." ECF No. 51 at 2. Defendant further argues, "It remains unclear what more Mr. King could want in response" other than potentially privileged documents. ECF No. 52 at 4.

At the May 5, 2022 conference, the Court noted that Interrogatory No. 10 was related to Interrogatory Nos. 5 and 6, about which counsel for Defendant was going to further inquire whether any other responsive documents existed. Specifically, as to Interrogatory No. 5, Defendant was going to inquire whether the Verizon representative with whom Plaintiff spoke to on the phone took notes of the call and whether that call was recorded. ECF No. 35. As to Interrogatory No. 6, Defendant was going to inquire about the names of employees at the credit reporting agencies with whom Defendant's employees spoke about Plaintiff's account, as well as any corresponding records. Id. The Court advised Defendant to produce a privilege log if any response privileged documents exist. Id. The Court has not received a privilege log, and Plaintiff's issues with Defendant's objection does not appear to reference specifically certain documents or information that Defendant may be withholding on that basis. Instead, Plaintiff launches a broad objection to Defendant's objection to this interrogatory.

The Court finds that Plaintiff's interrogatory, as written, is too broad and vague. It does not specify what exactly Plaintiff

is looking for. Nevertheless, the Court will order Defendant to produce any notes made by Verizon employees during or based on the call with Plaintiff, as well as a copy of the recording of that call, to the extent it exists, is not privileged, and has not already been provided to Plaintiff. Any other request by Plaintiff to compel a response to this interrogatory is denied. The Court notes, again, that it has already found this request to be related to Interrogatory No. 5.

### Amended Interrogatory No. 17

Amended Interrogatory No. 17 requested Defendant to:

> State what the relationship is between the Defendant in this action and the Verizon entity providing credit reporting as to the Plaintiff situate[sic] at 500 Technology Drive, Suite 300, Weldon Springs, Mo.
> (A) State if there is any communication between the Defendant herein and this Verizon entity described above.
> (B) If there is any communication, indicate whether there has been any communication as regards the plaintiff and the subject matter of this litigation. If so, attach copies of all such communications in writing.
> (C) If oral as to B, provide summary.

ECF No. 51 at 13-14. Defendant responded:

> Defendant objects to this Interrogatory on the grounds that it is vague, overbroad, and ambiguous. Defendant also objects to this Interrogatory because it improperly contains subparts. Defendant also objects to this Interrogatory on the ground that it seeks information neither relevant to any party's claims or defenses in the pending action, nor proportional to the needs of the case considering all the factors that bear on proportionality set

> forth in Fed. R. Civ. P. Rule 26(b)(1). Subject to
> and without waiving the foregoing general and
> specific objections, Defendant responds as
> follows: <u>Credit reporting activities for this
> account were handled from the 500 Technology
> Drive, Suite 300, Weldon Springs, Missouri
> location</u>. Defendant's investigation is ongoing,
> and therefore, Defendant expressly reserves its
> right to amend, alter, or otherwise modify or
> supplement this Response in the future.

ECF No. 51 at 14 (emphasis added).

Plaintiff argues that "[t]he question itself is not responded to in any direct manner and constitutes a failure to respond. Information on defendants['] practice regarding credit reports is vital and needs to be explored in detail." ECF No. 51 at 2. In addition to reiterating its objections, Defendant argues:

> Plaintiff is apparently seeking an
> explanation of the corporate structure and
> affiliate relationships between Verizon New
> Jersey, Inc. – the party with whom he had an
> account in New Jersey – and other Verizon
> affiliates, parents, or subsidiaries. It is wholly
> unclear how this information relates in any way,
> shape, or form to Mr. King's allegations that the
> reports issued by Verizon were somehow inaccurate,
> or that the Defendant made improper
> "representations, installation, supplying of
> improper or incomplete services, erroneous
> billing, improper collection activities, failing
> to address the disputes, improper continuing abuse
> of the credit reporting system and failing to meet
> the requirements imposed upon a utility/service
> supplier to a consumer," as alleged in the
> Complaint at Paragraph 6. Verizon New Jersey, Inc.
> has not denied supplying services to Mr. King or
> being the entity handling his account – what
> relationship it has to other entities has no
> bearing on the provision (or non-provision) of
> services, or the propriety of credit reporting or
> debt collection activities.

ECF No. 52 at 5.

At the May 5, 2022 conference, the Court advised Defendant to further inquire whether there is any other information that Defendant can provide to Plaintiff that is responsive to this interrogatory, specifically information in Defendant's possession, custody, or control that deals with Plaintiff's credit reporting allegations. The Court noted such information may be discoverable because Plaintiff is bringing claims under the FCRA and FDCPA. The Court noted that the corporate structure of Verizon and how the company is set up nationwide, however, is outside the scope of this case. It appears that Defendant is still objecting to this interrogatory on overbreadth grounds.

The Court finds that Defendant's response is not sufficient. Because Plaintiff's complaint alleges that he was improperly billed for a service he did not receive, and that his credit was negatively impacted due to the reporting by Defendant to an affiliated third party that Plaintiff did not pay all of his bills, it is relevant for Plaintiff to understand the relationship between Defendant and "the Verizon entity providing credit reporting as to the Plaintiff situate[d] at 500 Technology Drive, Suite 300, Weldon Springs, Mo." ECF No. 51 at 13. Specifically, Defendant should specify whether this entity is a Verizon entity or a third-party. Any non-privileged documents or communications exchanged between

Defendant and this entity regarding Plaintiff are relevant to Plaintiff's claims and thus discoverable. Plaintiff is only seeking "an explanation of the corporate structure and affiliate relationships between Verizon New Jersey, Inc. – the party with whom he had an account in New Jersey[,]" ECF No. 52 at 5, and <u>one</u> other Verizon affiliate, which was directly involved in his case, so his request is not overbroad, as Defendant argues. Accordingly, Plaintiff's request to compel further response to this interrogatory is granted in part, as described herein.

<u>Amended Interrogatory No. 21</u>

Amended Interrogatory No. 21 requested,

> State what services are included in the High Definition Package that existed at the time Plaintiff was a subscriber to the Defendant's services.
>> (A) State what in home equipment is necessary for the subscriber to receive this service.
>> (B) State what is necessary for the installer to install in order to receive said services.

ECF No. 51 at 15. Defendant responded:

> Defendant objects to this because it improperly contains subparts. Defendant further objects to this Interrogatory as overbroad. Defendant also objects to this Interrogatory on the ground that it seeks information neither relevant to any party's claims or defenses in the pending action, nor proportional to the needs of the case considering all the factors that bear on proportionality set forth in Fed. R. Civ. P. Rule 26(b)(1). Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: <u>High Definition</u>

<u>(HD) programming (720 p and 1080 p), including a
lineup of HD channels. Channels are broadcast in
both standard definition and HD, with different
assigned channel numbers. (A) An HD digital
converter box, which Defendant provided to
Plaintiff, and an HD capable television. (B) The
HD Digital converter box must be connected to the
customers' HD television.</u> Defendant's
investigation is ongoing, and therefore, Defendant
expressly reserves its right to amend, alter, or
otherwise modify or supplement this Response in
the future.

ECF No. 51 at 15-16 (emphasis added).

Plaintiff argues that "[t]he question is only partially
responded to. Services are not specifically described, list of
equipment is generic and not responsive to the question and there
is no description of what is necessary for installation. The
information sought is very much a basis for a significant part of
plaintiff's claim and only available from defendant." ECF No. 51
at 2.

At the May 5, 2022 conference, Plaintiff argued that this
interrogatory is relevant because his complaint alleges that
although he contracted for HD service, he never received it due to
the manner in which the equipment was installed. ECF No. 35.
Therefore, he is trying to figure out what exactly happened with
the installation of his equipment that inhibited him from receiving
the HD service. <u>Id.</u> Defendant did respond to the interrogatory and
gave a general list of the equipment used to set up HD service.
The Court finds Defendant's response to this interrogatory, as

propounded by Plaintiff, to be sufficient. If Plaintiff wishes to further explore the specifics of the installation process, he may do so in a deposition of an appropriate witness.

<u>Amended Interrogatory No. 22</u>

Amended Interrogatory No. 22 requested,

> State what services are included in the Premium High Definition package that existed at the time Plaintiff was a subscriber to the Defendant's services.
> (C) State what equipment is necessary for the subscriber to receive this service.
> (D) State what is necessary for the installer to install in order to receive said service.

ECF No. 51 at 16. Defendant responded:

> Defendant objects to this because it improperly contains subparts. Defendant further objects to this Interrogatory as overbroad. Defendant also objects to this Interrogatory on the ground that it seeks information neither relevant to any party's claims or defenses in the pending action, nor proportional to the needs of the case considering all the factors that bear on proportionality set forth in Fed. R. Civ. P. Rule 26(b)(1). Subject to and without waiving the foregoing general and specific objections, Defendant responds as follows: <u>High Definition (HD) programming (720 p and 1080 p), including a lineup of HD channels. Channels are broadcast in both standard definition and HD, with different assigned channel numbers. (A) An HD digital converter box, which Defendant provided to Plaintiff, and an HD capable television. (B) The HD Digital converter box must be connected to the customer's HD television.</u> Defendant's investigation is ongoing, and therefore, Defendant expressly reserves its right to amend, alter, or otherwise modify or supplement this Response in the future.

ECF No. 51 at 16 (emphasis added).

Plaintiff argues that "[t]he answer supplied is not responsive to the question but rather to the prior question (#21) and appears to be merely repeated." ECF No. 51 at 2. Defendant relies on its objections to Interrogatory No. 21. ECF No. 52 at 6.

The Court incorporates its analysis and conclusion from Interrogatory No. 21 here.

<u>Verification Issue</u>

Plaintiff argues that the answers to the interrogatories are not properly verified because he does not believe that Meryl Friedman, "Litigation Specialist," is qualified "to verify or sign the interrogatories on behalf of the defendant." ECF No. 51 at 2. Plaintiff argues that "[n]o copy of any authorization is supplied nor any reference to who authorized her. No specifics as to her actual knowledge or ability to act in this capacity is supplied." <u>Id.</u>

Plaintiff's objection to Ms. Friedman's verification has been an ongoing issue in this case. At the August 9, 2022 conference, Plaintiff argued that Defendant originally represented that Ms. Friedman was an employee of Defendant and was authorized to verify the interrogatory responses on Defendant's behalf. ECF No. 48. Plaintiff explained that he recently learned that Ms. Friedman is apparently an employee of a separate entity – Verizon Legal Services – and is a supervisor of paralegals, making her

unqualified to verify the responses.[7] Id. The Court initially noted at the conference that nothing with which it was presented regarding the verification or Ms. Friedman seemed improper, but that Plaintiff could send in further briefing on this issue. Id.

Federal Rule of Civil Procedure 33 governs interrogatories and states that, "The interrogatories must be answered: (A) by the party to whom they are directed; or (B) if that party is a public or private corporation, a partnership, an association, or a governmental agency, by any officer or agent, who must furnish the information available to the party." Fed. R. Civ. P. 33(b)(1). "The person who makes the answers must sign them, and the attorney who objects must sign any objections." Fed. R. Civ. P. 33(b)(5).

Ms. Friedman's signed verification is found at ECF No. 51 at 26. In response to Plaintiff's Interrogatory No. 16, Defendant responded, "Ms. Friedman is a litigation specialist, and made contact with Plaintiff to discuss the case." ECF No. 51 at 23. Defendant notes that "Meryl Friedman is authorized as an agent of Verizon to verify these responses. Mr. King's blanket opinion as to her lack of qualifications to do so is without merit and should be rejected. Throughout this litigation, Mr. King has acknowledged

---

[7] Plaintiff also argued that responses in Defendant's July 14 production [ECF No. 43] were signed by counsel for Defendant, not Ms. Friedman, and that Ms. Friedman's verification was sent a few days later. ECF No. 48. Counsel for Defendant acknowledged that this occurred at the conference due to logistical issues between him and his client. Id.

speaking personally with Ms. Friedman regarding his complaints, and it is plain that she has personal knowledge regarding those matters." ECF No. 52 at 6.

Plaintiff has not presented the Court with any information that calls into question the validity of Ms. Friedman's verification, or Ms. Friedman's status an agent of Defendant pursuant to Fed. R. Civ. P. 33. The verification was signed under oath by Ms. Friedman, subject to penalties under the law governing false statements. See Gargiulo v. MGI Comms., Civ. No. 91-3885, 1992 WL 50098, at *1 (E.D. Pa. Mar. 4, 1992). Additionally, "[a] corporate agent may certify the answers without personal knowledge." Ayres v. MAFCO Worldwide, LLC, Civ. No.18-12071, 2019 WL 1001297, at *1 (D.N.J. Mar. 1, 2019) (citing United States v. 42 Jars, More or Less, Bee Royale Capsules, 264 F.2d 666, 670 (3d Cir. 1959)). However, "the representative must have a basis for signing the responses and for thereby stating on behalf of the corporation that the responses are accurate." State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc., 250 F.R.D. 203, 222 n. 17 (E.D. Pa. 2008) (quoting Shepherd v. ABC, 62 F.3d 1469, 1482 (D.C. Cir. 1995)). Yet in this case, Ms. Friedman does appear to have some personal knowledge of the case, per the fact that Plaintiff once spoke with Ms. Friedman regarding his account. For these reasons, Plaintiff's objections to Defendant's verification are overruled.

Sanctions

Plaintiff requested a Rule 37 hearing "to assess Defendant's continuing conduct in not providing the information readily at their disposal which, from their protestations, would benefit them as much as myself, but refuse to acquiesce to legitimate discovery requests made several times and also, to address the issue of verification of the discovery by a party who appears not to be qualified to authenticate or verify, putting Defendant in the position of total non-compliance with discovery." ECF No. 53 at 3-4.

The Court does not find that Defendant's responses to Plaintiff's discovery requests rise to the level of sanctionable conduct under Federal Rule of Civil Procedure 37, and so Plaintiff's request is denied.

**IT IS** on this **6th day** of **September 2023**,

**ORDERED** that Plaintiff and Defendant shall exchange the discovery ordered herein by **October 6, 2023.** The deadline for factual discovery (including the completion of all depositions) will be **November 24, 2023**[8]; and it is further

---

[8]  If Plaintiff intends to serve an expert report, the report and all required disclosures shall be served on counsel for Defendant by **November 24, 2023**. Any expert reports and disclosures on behalf of Defendant shall be served on Plaintiff by **December 29, 2023**. In the event that there are expert disclosures, the Court will set a deadline for expert depositions and reset the date for dispositive motions. Otherwise, the above deadlines are final absent some unforeseen showing of good cause.

**ORDERED** that any dispositive motions in this case shall be filed by **December 29, 2023**.

s/ Matthew J. Skahill
MATTHEW J. SKAHILL
United States Magistrate Judge

cc: Hon. Renée Marie Bumb
    Chief United States District Judge